UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIREZ MENDEZ GENARO,

      Petitioner,

      v.

WARDEN, CALIFORNIA CITY
DETENTION CENTER,

      Respondent.

No.  1:26-cv-4697 DAD AC

ORDER

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Based on the length of time during which petitioner has been in immigration detention, the court hereby authorizes petitioner to proceed in forma pauperis without prepayment of the filing fee in this action.  See 28 U.S.C. § 1914.

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  In this case, petitioner alleges that he has been detained since April 28, 2026, that he does not have a removal or reinstatement order, and that his prolonged detention violates due process.  ECF No. 1 at 4, 6-7.  These facts are insufficient to support petitioner's claim that he has been denied due process.

Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition.  An amended petition should, at a minimum, provide factual

1

allegations regarding his nationality, the circumstances that led to his current detention, whether petitioner has received a bond hearing, and whether petitioner has previously been detained and/or released by immigration authorities.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2.   Within thirty days of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief.  Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

3.   To ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: June 25, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2